**Fill in this information to identify your case:**

Debtor 1    *John Clifton Thorr, Jr.*

First Name        Middle Name        Last Name

Debtor 2
(Spouse if, filing)    First Name        Middle Name        Last Name

United States Bankruptcy Court for the:    WESTERN DISTRICT OF PENNSYLVANIA

Case number    *18-10476 TPA*
(if known)

☐ Check if this is an
amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:    Summarize Your Assets**

| | | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B)<br>1a. Copy line 55, Total real estate, from Schedule A/B............................................... | $ 103,600.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B....................................... | $ 3,767.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B................................................. | $ 107,367.00 |

**Part 2:    Summarize Your Liabilities**

| | | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 127,358.76 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.............................. | $ 0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 647.22 |
| | **Your total liabilities** | $ 128,005.98 |

**Part 3:    Summarize Your Income and Expenses**

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*................................................ | $ 1,864.00 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*........................................................ | $ 1,778.80 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■ Yes

7.  **What kind of debt do you have?**

■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

Debtor 1    *John Clifton Thorr, Jr.*                                    Case number *(if known)*   *18-10476 TPA*

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                                   $ _____ *564.00*

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ *0.00* |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ *0.00* |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ *0.00* |
| 9d. Student loans. (Copy line 6f.) | $ _____ *0.00* |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ *0.00* |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ *0.00* |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ *0.00* |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

| Fill in this information to identify your case and this filing: | |
| --- | --- |

Debtor 1  *John Clifton Thorr, Jr.*
First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)
First Name      Middle Name      Last Name

United States Bankruptcy Court for the:  WESTERN DISTRICT OF PENNSYLVANIA

Case number  *18-10476 TPA*

☐ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property                                            12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1.  **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

**1.1**

*6137 Meridian Drive*
Street address, if available, or other description

*Erie*            *PA*     *16509-0000*
City            State    ZIP Code

*Erie*
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
| --- | --- |
| $103,600.00 | $103,600.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

*Fee Simple*

☐ **Check if this is community property**
(see instructions)

2.  **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..........................................................=>**

| $103,600.00 |
| --- |

### Part 2:   Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

■ No
☐ Yes

Debtor 1  *John Clifton Thorr, Jr.*                          Case number *(if known)*  **18-10476 TPA**

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.............................................................=>**          *$0.00*

| **Part 3:** | Describe Your Personal and  Household Items |
|---|---|

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes.  Describe.....

   | *Usual and Ordinary Household Goods and Furnishings* | *$3,000.00* |
   |---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ■ Yes.  Describe.....

   | *Usual and Ordinary Electronics* | *$500.00* |
   |---|---|

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes.  Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes.  Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes.  Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes.  Describe.....

    | *Usual and Ordinary Wearing Apparel* | *$250.00* |
    |---|---|

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ No
    ☐ Yes.  Describe.....

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

| Debtor 1 | *John Clifton Thorr, Jr.* | Case number *(if known)* | **18-10476 TPA** |

**13. Non-farm animals**
  *Examples:* Dogs, cats, birds, horses
  ■ No
  ☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
  ■ No
  ☐ Yes. Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
  for Part 3. Write that number here ..............................................................................

|  |
|---|
| **$3,750.00** |

| **Part 4:** | **Describe Your Financial Assets** |

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |

**16. Cash**
  *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
  ☐ No
  ■ Yes.........................................................................................................

| | | *Cash* | *$7.00* |

**17. Deposits of money**
  *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
  ☐ No
  ■ Yes......................                Institution name:

| 17.1. | *Checking* | *Checking Account @ Widget Federal Credit Union* | *$5.00* |
| 17.2. | *Savings* | *Savings Account @ Widget Federal Credit Union* | *$5.00* |

**18. Bonds, mutual funds, or publicly traded stocks**
  *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
  ■ No
  ☐ Yes.................    Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
  ■ No
  ☐ Yes. Give specific information about them...................    Name of entity:              % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
  *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
  *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
  ■ No
  ☐ Yes. Give specific information about them    Issuer name:

**21. Retirement or pension accounts**
  *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
  ■ No
  ☐ Yes. List each account separately.    Type of account:    Institution name:

Debtor 1    *John Clifton Thorr, Jr.*                                   Case number *(if known)*    **18-10476 TPA**

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

    ■ No
    ☐ Yes. .....................                              Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

    ■ No
    ☐ Yes.............          Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

    ■ No
    ☐ Yes.............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property** (other than anything listed in line 1), and rights or powers exercisable for your benefit

    ■ No
    ☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

    ■ No
    ☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

    ■ No
    ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**

    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

                                                                                          _____

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

    ■ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
         benefits; unpaid loans you made to someone else

    ■ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
              Company name:                             Beneficiary:                        Surrender or refund
                                                                                          value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
    someone has died.

    ■ No
    ☐ Yes.  Give specific information..

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

| Debtor 1 | *John Clifton Thorr, Jr.* | Case number *(if known)* | **18-10476 TPA** |
|---|---|---|---|

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
   ■ No
   ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   ■ No
   ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
   ■ No
   ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**................................................................................................................

|  |
|---|
| *$17.00* |

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

37. **Do you own or have any legal or equitable interest in any business-related property?**
   ■ No. Go to Part 6.
   ☐ Yes.  Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.<br>If you own or have an interest in farmland, list it in Part 1. |
|---|---|

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   ■ No. Go to Part 7.
   ☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   ■ No
   ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................

|  |
|---|
| *$0.00* |

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

| 55. | **Part 1: Total real estate, line 2** ......................................................................................................... | | **$103,600.00** |
|---|---|---|---|
| 56. | **Part 2: Total vehicles, line 5** | *$0.00* | |
| 57. | **Part 3: Total personal and household items, line 15** | *$3,750.00* | |
| 58. | **Part 4: Total financial assets, line 36** | *$17.00* | |
| 59. | **Part 5: Total business-related property, line 45** | *$0.00* | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | *$0.00* | |
| 61. | **Part 7: Total other property not listed, line 54** | + *$0.00* | |
| 62. | **Total personal property.** Add lines 56 through 61... | *$3,767.00* | Copy personal property total    *$3,767.00* |
| 63. | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | **$107,367.00** |

John Clifton Thorr, Jr.
Case No. 18-10476 TPA
Attachment to Schedule A/B

The real estate located at 6137 Meridian Drive, Erie, Pennsylvania acquired by virtue of a Deed dated November 22, 1996 and recorded on December 5, 1996 in Erie County Record Book 474, Page 1398 and a Quit Claim Deed dated September 7, 2011 and recorded on September 8, 2011 at Erie County Instrument No. 2011-021177 subject to a Mortgage in favor of First National Bank of Pennsylvania dated November 6, 2001 and recorded on November 7, 2001 in Erie County Record Book 823, Page 1598 in the face amount of $64,000.00 and an Assignment of Mortgage in favor of Mortgage Electronic Registration Systems, Inc. dated November 8, 2001 and recorded on December 17, 2001 in Erie County Record Book 835, Page 313 and an Assignment of Mortgage in favor of Chase Manhattan Mortgage Corporation dated January 29, 2004 and recorded on February 19, 2004 in Erie County Record Book 1108, Page 1982 and an Assignment of Mortgage in favor of JP Mortgage Chase Bank dated January 14, 2013 and an Assignment of Mortgage in favor of MTGLQ Investors, LP recorded on October 16, 2017 at Erie County Instrument No. 2017-022630 and recorded on January 28, 2013 at Erie County Instrument No. 2013-002103 and a second Mortgage in favor of the Pennsylvania Housing Finance Agency dated June 28, 2007 and recorded on June 28, 2007 in Erie County Record Book 1427, Page 1065 in the face amount of $9,500.00.

#1132886

*This Deed* Made the 21st day of February

in the year one thousand nine hundred and sixty-four

BETWEEN JOHN F. KAISER and FLORENCE C. KAISER, his wife, of the Township of Millcreek, County of Erie and State of Pennsylvania, parties of the first part.

AND

JOHN C. THORR and PATRICIA R. THORR, his wife, as tenants by the entireties with right of survivorship to the entirety in the survivor thereof, of the City of Erie, County of Erie and State of Pennsylvania.

WITNESSETH, *That in consideration of*

ONE AND 00/100----------------------------($1.00)-------- Dollars,

*in hand paid, the receipt whereof is hereby acknowledged, the said grantor s do hereby grant and convey to the said grantee s , all* that certain piece of parcel of land situate in the Township of Millcreek, County of Erie and State of Pennsylvania, and BEING Lots Nos. Sixty (60) and Sixty-one (61) of "HILLTOP-AT-KEARSARGE" Subdivision of the Spires Farm, of part of Reserve Tract No. 347 in Millcreek Township and No. 373 in Summitt Township, according to a Map of said Subdivision recorded in the Office of the Recorder of Deeds of Erie County in Map Book 3, page 239. Lot No. Sixty (60) having erected thereon a frame dwelling house and garage.

Being the same premises conveyed to first parties by deed dated November 5, 1952, which deed is recorded November 5, 1952 and which deed is recorded in Erie County Deed Book 636, page 466.



THE ACTUAL CONSIDERATION FOR THIS CONVEYANCE IS $11,000.00

MILLCREEK TOWNSHIP REALTY

TRANSFER TAX $ _____

RECEIVED BY _____ agent

DATE ......... Feb. 21, 1964

And the said grantor s do hereby warrant g e n e r a l l y the property hereby conveyed.

RECORDER OF DEEDS
ERIE COUNTY, PA

BK 0474 PG 1398

62370

RECORDER OF DEEDS

96 DEC -5 PM 4:15

WARRANTY DEED

## THIS INDENTURE

MADE the 22nd day of November, in the year one thousand nine hundred and ninety-six (1996).

BETWEEN   **JOHN C. THORR,** Widower and unremarried, now of 3110 Southeast 38th Avenue, Okeechobee, Florida 34974, Parties of the First Part;

-AND-

**JOHN C. THORR** and **KARLA K. THORR,** husband and wife, as Tenants by the Entireties with the Right of Survivorship, of the Township of Millcreek, County of Erie and State of Pennsylvania, Parties of the Second Part.

**WITNESSETH,** That the said Parties of the First Part, for and in consideration of the sum of **One and NO/100ths ($1.00) Dollar,** lawful money of the United States, to them in hand paid by the said Parties of the Second Part, at and before the ensealing and delivery of these presents, the receipt and payment whereof is hereby acknowledged, have granted, bargained, sold released and confirmed, and by these presents do grant, bargain, sell, release and confirm unto the said Parties of the Second Part, and to their heirs, successors and assigns,

All that certain piece or parcel of land situate in the Township of Millcreek, County of Erie and Commonwealth of Pennsylvania, and being Lots Nos. Sixty (60) and Sixty-one (61) of "HILLTOP-AT-KEARSARGE" Subdivision of the Spires Farm, of part of Reserve Tract No. 347 in Millcreek Township and No. 373 in Summit Township, according to a map of said subdivision recorded in the office of the Recorder of Deeds of Erie County in Map Book 3, page 239. Lot No. Sixty (60) having erected thereon a frame dwelling house and garage known as 6137 Meridian Drive, Erie, Pennsylvania 16509 and bearing Erie County Tax Index No. (33) 188-590-9.

Being the same premises conveyed to John C. Thorr and Patricia R. Thorr, husband and wife, by deed made February 21, 1964 and recorded February 22, 1964 in Erie County Deed Book 891, page 149. The said Patricia R. Thorr died   April 28, 1983             , as evidenced by proof of death filed in the office of the Register of Wills of Erie County, Pennsylvania, whereupon the entire interest in the above premises was vested John C. Thorr, surviving spouse.

This is a conveyance from father to son and daughter-in-law and accordingly there is no transfer tax applicability.

BR 0 4 7 4 PG 1 3 9 9

**TOGETHER**    with all and singular the rights, liberties, privileges, hereditaments, improvements, and appurtenances, whatsoever thereto belonging, and the reversions and remainders, rents, issues and profits thereof; and also, all the estate and interest whatsoever of the said Parties of the First Part, in law or equity, of, in, to or out of the same;

**TO HAVE AND TO HOLD** the same, together with the premises hereby granted, or intended so to be, unto the said Party of the Second Part, her heirs, successors, and assigns, to the use of the said Party of the Second Part, her heirs, successors, and assigns, forever.   And the said Party of the First Part, their heirs, successors, executors and administrators, do hereby covenant and agree to and with the said Party of the Second Part, her heirs, successors, and assigns, that the said Party of the First Part, their heirs, successors, and assigns, all the above, together with the above mentioned and described premises, unto the said Party of the Second Part, her heirs, successors, and assigns, against the said Party of the First Part and their heirs/successors, and assigns, and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof shall and will **GENERALLY WARRANT** and forever **DEFEND** by these presents.

**IN WITNESS WHEREOF,** the said Parties of the First Part have hereunto set their hands and seals the day and year first above written.

SIGNED, SEALED and DELIVERED
   in the presence of

_____          _____(SEAL)
                                  John C. Thorr  T600-463-29-389-0

_____          _____(SEAL)

STATE OF FLORIDA      :
                      : ss:
COUNTY OF Okeechobee  :

On this, the 22nd day of November, 1996, before me, a Notary Public, the undersigned officer, personally appeared JOHN C. THORR, Widower and unremarried, . known to me (or satisfactorily proven) to be the person whose name subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.



Title of Officer

RUBY A. NORTON
MY COMMISSION # CC 593474
EXPIRES: October 14, 2000
Bonded Thru Notary Public Underwriters

## CERTIFICATE OF RESIDENCE

I hereby certify that the residence of the within named Parties of the Second Part is:

6137 Meridian Drive, Erie, Pennsylvania.

Attorney

03D1118

Quit Claim Deed

# *THIS INDENTURE*

Made the __7__ day of __Sept__ , in the year of our Lord two thousand and
.seven (2007), BETWEEN
2011

      **KARLA K. THORR**, single, of the Township of Millcreek, County of Erie,
Commonwealth of Pennsylvania, Grantor,

-and-

      **JOHN C. THORR**, Township of Millcreek, County of Erie, Commonwealth of
Pennsylvania, party of the second part, Grantee

      **WITNESSETH**, that the said Grantor, for and in consideration of the sum of
**ONE AND 00/100 ($1.00) Dollars,** lawful money of the United States, to them in hand
paid by the said Grantee, at and before the ensealing and delivery of these presents, the
receipt and payment whereof is hereby acknowledged, have granted, bargained, sold,
released and confirmed, and by these presents do grant, bargain, sell, release and confirm
unto the said Grantee, and to their heirs/successors and assigns,

**ALL** that certain piece or parcel of land situate in the Township of Millcreek, County of
Erie and Commonwealth of Pennsylvania, and being Lots Nos. Sixty (60) and Sixty-one
(61) of "HILLTOP-AT-KEARSARGE" Subdivision of the Spires Farm, of part of
Reserve Tract No. 347 in Millcreek Township and No. 373 in Summit Township,
according to a map of said subdivision recorded in the office of the Recorder of Deeds of
Erie County in Map Book 3, page 239. Lot No. Sixty (60) having erected thereon a frame
dwelling house and garage known as 6137 Meridian Drive, Erie, Pennsylvania 16509 and
bearing Erie County Tax Index No. (33) 188-590-9.

**BEING** the same premises conveyed to John C. Thorr and Karla K. Thorr, husband and
wife, by deed made November 22, 1996 and recorded December 5, 1996 in Erie County
Deed Book 474, page 1398.

      Subject, also, to all restrictions, easements, right-of-way, leases, encroachments,
overlaps, building and boundary lines, or other matters or record or visible to a physical
inspection.

      No hazardous waste has ever been disposed on the above-described property to
the best of Grantor's knowledge pursuant to Act 97 of 1980.

      **THIS IS A CONVEYANCE FROM A WIFE TO HUSBAND SUBJECT TO
DIVORCE, THEREFORE NOT SUBJECT TO TRANSFER TAXES.**



**IN WITNESS WHEREOF,** the said parties of the first part have hereunto set her hands and seals the day and year first above written.

SIGNED, SEALED AND DELIVERED
· IN THE PRESENCE OF:

_(signature)_ _(signature)_
**KARLA K. THORR**

COMMONWEALTH OF PENNSYLVANIA )
) ss.
COUNTY OF ERIE )

On this, the 7th day of September , 2011, before me, a Notary Public, the undersigned officer, personally appeared **KARLA K. THORR,** known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JULIA L. FROEHLICH, NOTARY PUBLIC
MILLCREEK TWP., COUNTY OF ERIE
MY COMMISSION EXPIRES JUNE 3, 2012

_(signature)_
Notary Public

I, James F. Geronimo, Esquire, hereby certify that the precise address of the within Grantee is: 6137 Meridian Drive, Erie, Pennsylvania 16509

James F. Geronimo, Esquire



# RECORDER OF DEEDS DIVISION
ERIE COUNTY COURTHOUSE◆140 W. 6TH STREET, P.O. BOX 1849◆ERIE
PENNSYLVANIA 16507 PHONE: (814) 451-6246 FAX:(814) 451-6213
EMAIL: recorder@eriecountygov.org

2011-021177

PATRICK L. FETZNER
CLERK OF RECORDS

Instrument Number: 2011-021177

Instrument Type: **DEED**

Record Date:     9/08/2011

Record Time:     10:56:28

Receipt No.:     976298

---          ---

## Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| DEED | 13.50 |
| DEED - WRIT | .50 |
| DEED - RTT STATE | .00 |
| MILLCREEK S.D. | .00 |
| MILLCREEK TWP | .00 |
| LOW INCOME HOUSING | 10.50 |
| J.C.S. / A.T.J | 23.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| Cash | $53.00 |
| Total Received........ | $53.00 |

Recording Page Count:   3

Paid By Remarks: THORR
                 AT

I HEREBY CERTIFY THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

*Patrick L. Fetzner*

PATRICK L. FETZNER
ERIE COUNTY CLERK OF RECORDS

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

NOTE: Some information subject to change during the verification process and may not be reflected on this page.

**Address: 6137 MERIDIAN DR**          **Owner: THORR JOHN C**          **Parcel: 33188590000900**

Parcel Profile

| | |
|---|---|
| Address | 6137 \| MERIDIAN \| DR |
| Street Status | PAVED |
| School District | MILLCREEK SCHOOL |
| Acreage | 0.7346 |
| Classification | R |
| Land Use Code | SINGLE FAMILY |
| Legal Description | 6137 MERIDIAN DR 200 X 160 |
| Square Feet | 1910 |
| Topo | LEVEL |
| Utility | ALL PUBLIC |
| Zoning | Please contact your municipal zoning officer |
| Deed Book | 2011 |
| Deed Page | 021177 |
| 2018 Tax Values | |
| Land Value / Taxable | 25,000 / 25,000.00 |
| Building Value / Taxable | 78,600 / 78,600.00 |
| Total Value / Taxable | 103,600 / 103,600.00 |
| Clean & Green | Inactive |

| | |
|---|---|
| Homestead Status | Active |
| Farmstead Status | Inactive |
| Lerta Amount | 0 |
| Lerta Expiration Year | 0 |

Residential Data

**Card 1**

| | |
|---|---|
| Style | OLD STYLE |
| Basement | FULL |
| Year Built | 1938 |
| Exterior Wall | FRAME |
| Total Living Area | 1910 |
| Full Baths | 1 |
| Half Baths | 1 |
| Fuel Type | GAS |
| Heating | CENTRAL A/C |
| Heating System | FORCED AIR |
| Stories | 1.5 |
| Total Bedrooms | 3 |
| Total Family Rooms | 0 |
| Total Rooms | 6 |
| Fireplaces | 1 |

Other Buildings & Yards

| Description | Built | Width | Length | Area |
|---|---|---|---|---|
| FRAME OR CB DETACHED GARAGE | 1938 | 22 | 24 | 528 |

FRAME OR CB DETACHED GARAGE                    1938        16        22            352

Sales History

| Sale Date | From | To | Type | Price | Book / Page | Other Info |
|---|---|---|---|---|---|---|
| 9/8/2011 | THORR JOHN C UX KARLA K | THORR JOHN C | LAND & BUILDING | 0 | 2011 / 021177 | QUIT CLAIM DEED |
| 12/5/1996 | | | | 0 | 0474 / 1398 | |

# Parcel Sketches

## Residential Card 1



| | | |
|---|---|---|
| **A** | MAIN | 840 square feet |
| **B** | 1S FR ONE STORY FRAME | 420 square feet |
| **C** | FRBAY FRAME BAY | 20 square feet |
| **D** | OFP OPEN FRAME PORCH | 88 square feet |

# Parcel Images





# Annual Taxes

**Attention City of Erie Residents**
**Please be advised that due to the recent change in the billing cycle for the City of Erie**
**school taxes, the total for Year 2012 (school tax column) will now include the total amounts**
**for both the 2011-12 AND the 2012-13 tax years.**

| Year | County | City/Township | School | Library | Total |
|------|--------|---------------|--------|---------|-------|
| 2018 | 560.48 | 368.16 | 0 | 0 | 928.64 |
| 2017 | 560.48 | 368.16 | 1364.27 | 0 | 2292.91 |
| 2016 | 534.58 | 368.16 | 1359.09 | 0 | 2261.83 |
| 2015 | 510.75 | 368.16 | 1338.82 | 0 | 2217.73 |
| 2014 | 510.75 | 368.16 | 1307.21 | 0 | 2186.12 |
| 2013 | 510.75 | 264.56 | 1244.56 | 0 | 2019.87 |
| 2012 | 532.70 | 260.58 | 1241.90 | 0 | 2035.18 |

| 2011 | 532.70 | 216.55 | 1240.87 | 0 | 1990.12 |
|------|--------|--------|---------|---|---------|
| 2010 | 532.70 | 216.55 | 1217.44 | 0 | 1966.69 |
| 2009 | 479.87 | 216.55 | 1173.22 | 0 | 1869.64 |
| 2008 | 457.86 | 216.55 | 1171.27 | 0 | 1845.68 |
| 2007 | 435.85 | 216.55 | 1245.03 | 0 | 1897.43 |
| 2006 | 435.85 | 216.55 | 1245.03 | 0 | 1897.43 |
| 2005 | 412.07 | 216.55 | 1212.45 | 0 | 1841.07 |
| 2004 | 412.07 | 224.51 | 1155.22 | 0 | 1791.80 |
| 2003 | 405.03 | 224.51 | 1099.74 | 0 | 1729.28 |

# Delinquent Taxes

*No Delinquent Taxes*

# Owner Info

**PARCEL ID:** 33-188-590.0-009.00
**OWNER 1:**    THORR JOHN C
**OWNER 2:**
**ADDRESS 1:** 6137 MERIDIAN DR
**ADDRESS 2:**
**ADDRESS 3:**
**CITY:**         ERIE
**STATE:**       PA
**ZIP 1:**        16509
**ZIP 2:**        3437
**LEGAL 1:**    6137 MERIDIAN DR 200 X 160
**LEGAL 2:**
**LEGAL 3:**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *John Clifton Thorr, Jr.* |
| | First Name       Middle Name       Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name       Middle Name       Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *18-10476 TPA* |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106C

## Schedule C: The Property You Claim as Exempt                    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ■ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own <br> Copy the value from *Schedule A/B* | Amount of the exemption you claim <br> *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| ***Usual and Ordinary Household Goods and Furnishings*** <br> Line from *Schedule A/B*: **6.1** | *$3,000.00* | ■        *$3,000.00* <br> ☐   100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| ***Usual and Ordinary Electronics*** <br> Line from *Schedule A/B*: **7.1** | *$500.00* | ■        *$500.00* <br> ☐   100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| ***Usual and Ordinary Wearing Apparel*** <br> Line from *Schedule A/B*: **11.1** | *$250.00* | ■        *$250.00* <br> ☐   100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| ***Cash*** <br> Line from *Schedule A/B*: **16.1** | *$7.00* | ■        *$7.00* <br> ☐   100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| ***Checking: Checking Account @ Widget Federal Credit Union*** <br> Line from *Schedule A/B*: **17.1** | *$5.00* | ■        *$5.00* <br> ☐   100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **John Clifton Thorr, Jr.**

Case number (if known)    **18-10476 TPA**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Savings: Savings Account @ Widget Federal Credit Union**<br>Line from *Schedule A/B*: **17.2** | *$5.00* | ■           *$5.00*<br><br>☐   100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |

3. **Are you claiming a homestead exemption of more than $160,375?**
(Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

■ No

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐ No

    ☐ Yes

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | _John Clifton Thorr, Jr._ |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | _18-10476 TPA_ |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:** List All Secured Claims

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|

| 2.1 | | | |
|---|---|---|---|

**2.1** _Millcreek Township Water Authority_

Creditor's Name

_3608 W. 26th Street_
_Erie, PA 16506_

Number, Street, City, State & Zip Code

Describe the property that secures the claim:

_6137 Meridian Drive Erie, PA 16509_
_Erie County; Balance due on_
_Municipal Lien_

**Amount of claim:** $94.96
**Value of collateral:** $103,600.00
**Unsecured portion:** $94.96

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
■ Statutory lien (such as tax lien, mechanic's lien)
■ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____

Last 4 digits of account number _____

**2.2** _Pennsylvania Housing Finance Agency_

Creditor's Name

_211 North Front Street_
_P.O. Box 15530_
_Harrisburg, PA_
_17105-5530_

Number, Street, City, State & Zip Code

Describe the property that secures the claim:

_6137 Meridian Drive Erie, PA 16509_
_Erie County_

**Amount of claim:** $6,047.19
**Value of collateral:** $103,600.00
**Unsecured portion:** $6,047.19

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor 1 | **John Clifton Thorr, Jr.** | | | Case number (if know) | **18-10476 TPA** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

Date debt was incurred _____   Last 4 digits of account number _____

| 2.3 | **Rushmore Loan Management Services** | Describe the property that secures the claim: | $121,216.61 | $103,600.00 | $17,616.61 |
|---|---|---|---|---|---|

Creditor's Name

> **6137 Meridian Drive Erie, PA 16509 Erie County; Balance due as of 6/1/2018 statement; Arrears of $30,441.76; Regular Monthly Payment: $854.80**

**P.O. Box 52708
Irvine, CA 92619**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred _____   Last 4 digits of account number _____

| Add the dollar value of your entries in Column A on this page. Write that number here: | $127,358.76 |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $127,358.76 |

## Part 2:    List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐  Name, Number, Street, City, State & Zip Code
**Chase Manhattan Mortgage Corp.
780 Kansas Lane
Suite A
Monroe, LA 71203**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

☐  Name, Number, Street, City, State & Zip Code
**First National Bank of Pennsylvania
4140 East State Street
Hermitage, PA 16148**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

☐  Name, Number, Street, City, State & Zip Code
**JP Morgan Chase Bank
700 Kansas Lane
Monroe, LA 71203**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

☐  Name, Number, Street, City, State & Zip Code
**JP Morgan Chase Bank
10790 Rancho Bernardo Road
San Diego, CA 92127**

On which line in Part 1 did you enter the creditor?   **2.3**

Last 4 digits of account number ___

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1  **John Clifton Thorr, Jr.**                                    Case number (if know)    **18-10476 TPA**
         First Name          Middle Name          Last Name

---

☐ | Name, Number, Street, City, State & Zip Code
**Mortgage Electronic Registration Systems, Inc.**
**P.O. Box 2026**
**Flint, MI 48501-2026**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number ___

---

☐ | Name, Number, Street, City, State & Zip Code
**MTGLQ Investors LP**
**c/of Bradley J. Osborne, Esquire**
**115 West Avenue, Suite 104**
**Jenkintown, PA 19046**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number ___

---

☐ | Name, Number, Street, City, State & Zip Code
**MTGLQ Investors LP**
**15480 Laguna Coana Road**
**Suite 100**
**Irvine, CA 92618**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number ___

---

☐ | Name, Number, Street, City, State & Zip Code
**MTGLQ Investors LP**
**6011 Connecticut Drive**
**5th Floor**
**Irving, TX 75039**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number ___

---

☐ | Name, Number, Street, City, State & Zip Code
**Rushmore Loan Management Services**
**Customer Service Dept.**
**P.O. Bx 55004**
**Irvine, CA 92619-2262**

On which line in Part 1 did you enter the creditor?  **2.3**

Last 4 digits of account number ___

---

Official Form 106D          Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**                    page 3 of 3

BK 823 PG 1598

042356

After Recording Return To: *Patrick L. Sufton*
**Mortgage Loan Administration Department**
**Hermitage Square - HSQ2**
**Hermitage, PA 16148** 2001 NOV -7 A 11: 14

RECORDER OF DEEDS
ERIE COUNTY, PA.

-------------------- [Space Above This Line For Recording Data] --------------------

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated **November 6, 2001**
together with all Riders to this document.

**(B) "Borrower"** is **JOHN C THORR and KARLA K THORR, (husband and wife)**

Borrower is the mortgagor under this Security Instrument.

**(C) "Lender"** is **FIRST NATIONAL BANK OF PENNSYLVANIA**
Lender is a **CORPORATION**
organized and existing under the laws of **PENNSYLVANIA**
Lender's address is **3320 E. State Street, Hermitage, PA 16148**
Lender is the mortgagee under this Security Instrument.

**(D) "Note"** means the promissory note signed by Borrower and dated **November 6, 2001**
The Note states that Borrower owes Lender **Sixty-Four Thousand and No/100 -------------- --------------------------** Dollars (U.S. $ **64,000.00** ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **December 1, 2031**

**(E) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."

**(F) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(G) "Riders"** means all riders to this Security Instrument that are executed by Borrower. The following riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ Second Home Rider
☐ Balloon Rider ☐ Planned Unit Development Rider ☐ Biweekly Payment Rider
☐ 1-4 Family Rider ☐ Other(s) [specify]

Investor/Cmt.#
Application #
Loan Number

**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3039 1/01 *(page 1 of 16 pages)*
UNI-FORM [R] / ejb / 3039P01 / 08-00

BK 823 PG 1599

## EXHIBIT A

All that certain piece or parcel of land situate in the Township of Millcreek, County of Erie and Commonwealth of Pennsylvania, and being Lots Nos. Sixty (60) and Sixty-one (61) of "Hilltop-at-Kearsarge" Subdivision of Spires Farm, of part of Reserve Tract No. 347 in Millcreek Township and No. 373 in Summit Township, according to a map of said subdivision recorded in the office of the Recorder of Deeds of Erie County in Map Book 3, page 239. Lot No. Sixty (60) having erected thereon a dwelling commonly known as 6137 Meridian Drive, Erie, Pennsylvania and bearing Erie County Tax Index Number (33) 188-590-9.

Being the same premises conveyed to mortgagors herein by deed dated November 22, 1996 and recorded December 5, 1996 in Erie County Record Book 474, page 1398, which description is hereby incorporated by reference.

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(I) "Community Association Dues, Fees and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) "Escrow Items" means those items that are described in Section 3.

(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

Investor/Cmt.# 
Application #
Loan Number

**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3039 1/01 *(page 2 of 16 pages)*

UNI-FORM (R) / ejb / 3039P02 / 08-00

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of the Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the
**COUNTY**                                  of  **ERIE**                                                    :
     [Type of Recording Jurisdiction]                                    [Name of Recording Jurisdiction]

**SEE SCHEDULE A**

See Exhibit A attached hereto and made a part hereof by reference.

 

which currently has the address of
[Street]

**6137 MERIDIAN DR**

**ERIE**                              , Pennsylvania   **16509**            ("Property Address"):
   [City]                                      [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

Investor/Cmt.#
Application #
Loan Number

**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3039 1/01 *(page 3 of 16 pages)*

UNI-FORM (R) / ejb / 3039P03 / 08-00

BK 0823PG1602

currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

   **2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

   If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

   Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

   **3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to

Investor/Cmt.# 
Application #
Loan Number

**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3039 1/01 *(page 4 of 16 pages)*

UNI-FORM (R) / sjb / 3039P04 / 08-00

be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in Escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than twelve monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Investor/Cmt.#
Application #
Loan Number

**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**

Form 3039 1/01 *(page 5 of 16 pages)*

UNI-FORM (R) / ejb / 3039P05 / 08-00

BK 0823 PG 1604

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services, or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and

Investor/Cmt.#
Application #
Loan Number

BK 823 PG 1605

Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

Investor/Cmt.# 
Application #
Loan Number

**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3039 1/01 *(page 7 of 16 pages)*

UNI-FORM (R) / ejb / 3039P07 / 08-00

BK 0 8 2 3 PG 1 6 0 6

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Investor/Cmt.#
Application #
Loan Number 

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

**(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

Investor/Cmt.#
Application #
Loan Number


**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3039 1/01 *(page 9 of 16 pages)*

UNI-FORM (R) / ejb / 3039P09 / 08-00

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgement, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award of claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

Investor/Cmt.#
Application #
Loan Number

**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

BK 0823 PG 1609

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successors in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

Investor/Cmt.#
Application #
Loan Number

**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3039 1/01 *(page 11 of 16 pages)*

UNI-FORM (R) / ejb / 3039P11 / 08-00

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

Investor/Cmt.# 
Application #
Loan Number

BK 0 8 2 3 PG 1 6 1 1

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this  Section 20.

Investor/Cmt.#
Application #
Loan Number

**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3039 1/01 *(page 13 of 16 pages)*

UNI-FORM (R) / ejb / 3039P13 / 08-00

BK0823PG1612

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

Investor/Cmt.#
Application #
Loan Number

**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**

Form 3039 1/01 *(page 14 of 16 pages)*

UNI-FORM (R) / ejb / 3039P14 / 08-00

BK 0823 PG 1613

NON UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**25. Reinstatement Period.** Borrower's time to reinstate provided in Section 19 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**26. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**27. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

Investor/Cmt.#
Application #
Loan Number



**PENNSYLVANIA** - Single Family - Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**        Form 3039 1/01 *(page 15 of 16 pages)*

UNI-FORM (R) / ejb / 3039P15 / 08-00

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider executed by Borrower and recorded with it.

Witnesses:

_____          _____(Seal)
                                        JOHN C THORR               -Borrower

                                        _____(Seal)
                                                                   -Borrower

_____          _____(Seal)
                                        KARLA K THORR              -Borrower

RETURN TO:
MACDONALD, ILLIG, JONES & BRITTON       _____(Seal)
100 STATE STREET, SUITE 700                                        -Borrower
ERIE, PENNSYLVANIA 16507-1498
                                        _____(Seal)
                                                                   -Borrower

                                        _____(Seal)
                                                                   -Borrower

                                        _____(Seal)
                                                                   -Borrower

                                        _____(Seal)
                                                                   -Borrower

              [Space Below This Line For Acknowledgment]

STATE OF Pennsylvania,   Erie  County ss:

    On this, the 6th day of November, 2001, before me, a Notary Public in and for said County and State, personally appeared JOHN C THORR and KARLA K THORR the individual(s) who executed the foregoing instrument and acknowledged that they did examine and read the same and did sign the foregoing instrument, and that the same is their free act and deed.

    IN WITNESS WHEREOF, I hereunto set my hand and official seal.

                        ┌─────────────────────────────┐
                        │        Notarial Seal         │
                        │ Janice M. Thompson, Notary Public │ (Seal)
                        │     City Of Erie, Erie County     │
                        │ My Commission Expires Oct. 20, 2005 │
                        └─────────────────────────────┘

My Commission expires:                  _____
                                                Notary Public

                        Certificate of Residency; I certify that the precise place of business of the within named Mortgagee is,
                        HERMITAGE SQUARE
                        HERMITAGE PA 16148         _____

This Instrument Prepared By:
FIRST NATIONAL BANK OF PENNSYLVANIA
3320 E. State Street, Hermitage, PA 16148
PENNSYLVANIA - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT      Form 3039 1/01 (page 16 of 16 pages)

                                                          UNI-FORM (R) / ejb / 3039P016 / 08-00

005436

BK1108 PG1982

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY. THESE PRESENTS that "Wachovia Mortgage Corporation f/k/a First Union Mortgage Corporation" hereinafter "Assignor" the holder of the Mortgage hereinafter mentioned, for and in consideration of the sum of ONE DOLLAR ($1.00) lawful money unto it in hand paid by Chase Manhattan Mortgage Corporation "Assignee" at the time of execution hereof, sell, assign, transfer and set over unto the said Assignee, the receipt whereof is hereby acknowledged, does hereby grant, bargain, its successors and assigns, ALL THAT CERTAIN Indenture of Mortgage given and executed by John C. Thorr and Karla K. Thorr to First National Bank of Pennsylvania, bearing the date 11/06/01, in the amount of $64,000.00, together with the Note and indebtedness therein mentioned, said Mortgage being recorded on 11/07/01 in the County of Erie, Commonwealth of Pennsylvania, in Mortgage Book 823 Page 1598, Which Mortgage was assigned to First Union Mortgage Corporation recorded on 12/17/01 in Book 835 and Page 313.

Being Known as Premises: 6137 Meridan Drive, Erie, PA 16509
Parcel No: 33-188-590-9

Also the Bond or Obligation in the said Indenture of Mortgage recited, and all Moneys, Principal and Interest, due and to grow due thereon, with the Warrant of Attorney to the said Obligation annexed. Together with all Rights, Remedies and incidents thereunto belonging. And all its Right, Title, Interest, Property. Claim and Demand, in and to the same.

TO HAVE, HOLD, RECEIVE AND TAKE, all and singular the hereditaments and premises hereby granted and assigned, or mentioned and intended so-to be, with the appurtenances unto Assignee, its successors and assigns, to and for its only proper use, benefit and behoof forever; subject, nevertheless, to the equity of redemption of said Mortgagor in the said Indenture of Mortgage named, and his/her/their heirs and assigns therein.

IN WITNESS WHEREOF, the said "Assignor" has caused its Corporate Seal to be herein affixed and these presents to be duly executed by its proper officers this 29th day of January , 20 04.

    *Chase Manhattan Mortgage Corporation as attorney in fact for:

       * Wachovia Mortgage Corporation f/k/a First Union Mortgage Corporation

Sealed and Delivered
in the presence of us;

    By: _____
    William L. Becker, Asst. Vice President
    Attest: _____
    David Lovett, Asst. Secretary

State of    **OHIO**    :
                  ss.
County of    **FRANKLIN**

On this 29 day of January , 20 04, before me; the subscriber, personally appeared William L. Becker , who acknowledged him/herself to be the Assistant Vice President of Wachovia Mortgage Corporation f/k/a First Union Mortgage Corporation, and that he/she, as such Assistant Vice President, being authorized to do so, executed the foregoing instrument for the purposes therein contained.

    IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Stamp/Seal:

Laura C. Koch,
Notary Public-State Of Ohio
My Commission Expires
March 24, 2007

The precise address of the
within named Assignee is:
3415 Vision Drive
Columbus, OH 43219
By: _____
   (for Assignee)

After recording return to:
FEDERMAN & PHELAN, LLP
One Penn Center
1617 J.F.K. Blvd., Ste.1400
Philadelphia, PA 19103-1814

Document Request

RECORDER OF ERIE COUNTY '04 FEB 19 A 10

BK1108 PG1983

## SCHEDULE "A"

ALL THAT CERTAIN PIECE OR PARCEL OF LAND SITUATE IN THE TOWNSHIP
OF MILLCREEK, COUNTY OF ERIE AND COMMONWEALTH OF PENNSYLVANIA,
AND BEING LOTS NOS. SIXTY (60) AND SIXTY-ONE (61) OF "HILLTOP-AT-
KEARSARGE" SUBDIVISION OF THE SPIRES FARM, OF PART OF RESERVE
TRACT NO. 347, IN MILLCREEK TOWNSHIP AND NO. 373 IN SUMMIT
TOWNSHIP, ACCORDING TO A MAP OF SAID SUBDIVISION RECORDED IN THE
OFFICE OF THE RECORDER OF DEEDS OF ERIE COUNTY IN MAP BOOK 3,
PAGE 239.  LOT NO. SIXTY (60) HAVING ERECTED THEREON A FRAME
DWELLING HOUSE AND GARAGE KNOWN AS 6137 MERIDIAN DRIVE, ERIE,
PENNSYLVANIA 16509 AND BEARING ERIE COUNTY TAX INDEX NO. (33)188-
590-9.

BEING THE SAME PROPERTY CONVEYED TO JOHN C. THORR AND KARLA K.
THORR, HUSBAND AND WIFE AS TENANTS BY THE ENTIRETIES WITH THE
RIGHT OF SURVIVORSHIP BY DEED FROM JOHN C. THORR, WIDOWER AND
UNREMARRIED, RECORDED 12/05/1996 IN DEED BOOK 474 PAGE 1390.

TAX KEY NUMBER: 33-188-590-9

ORDER NO. ████████

## PREMISES ON: 6137 MERIDIAN DRIVE

2013002103

Prepared By / Return To:
E.Lance/NTC, 2100 Alt. 19 North,
Palm Harbor, FL 34683
(800)346-9152

Loan # 

## ASSIGNMENT OF MORTGAGE

Contact **JPMORGAN CHASE BANK, N.A.** for this instrument 780 Kansas Lane, Suite A, Monroe, LA 71203, telephone # (866) 756-8747, which is responsible for receiving payments.

**FOR GOOD AND VALUABLE CONSIDERATION,** the sufficiency of which is hereby acknowledged, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST UNION MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS PO BOX 2026, FLINT, MI, 48501 (MERS Address: 1901 E Voorhees Street, Suite C, Danville, IL 61834)** by these presents does convey, grant, assign, transfer and set over the described Mortgage therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 KANSAS LANE, MC 8000, MONROE, LA 71203** (866)756-8747, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Mortgage is dated 11/06/2001, in the amount of $64,000.00, made by **JOHN C. THORR AND KARLA K. THORR** to **FIRST NATIONAL BANK OF PENNSYLVANIA**, recorded on 11/07/2001, in the Office of the Recorder of Deeds of ERIE County, Pennsylvania, in Book 0823, Page 1598, and/or Document # n/a. .

Property is commonly known as: 6137 MERIDIAN DR TWP. OF MILLCREEK, ERIE, PA 16509.

Dated on _01 / 14_ /2013 (MM/DD/YYYY)
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST UNION MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS**



By: _____

ASST. SECRETARY

PAGE 1
MERS PHONE 1-888-679-6377



**Loan #:** ███████████

STATE OF LOUISIANA    PARISH OF OUACHITA

On _01 / 14 /2013 (MM/DD/YYYY), before me appeared _____,
to me personally known, who did say that he/she is/are the ASST. SECRETARY of MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST UNION MORTGAGE
CORPORATION, ITS SUCCESSORS AND ASSIGNS and that the instrument was signed on behalf of the
corporation (or association), by authority from its board of directors, and that he/she/they acknowledged the
instrument to be the free act and deed of the corporation (or association).

Notary Public - State of LOUISIANA
Commission expires: Upon My Death

Assignment of Mortgage from:
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST UNION
MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS PO BOX 2026, FLINT, MI, 48501
(MERS Address: 1901 E Voorhees Street, Suite C, Danville, IL 61834)**
to:
**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 KANSAS LANE,
MC 8000, MONROE, LA 71203 (866)756-8747, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE)**

Mortgagor: JOHN C. THORR AND KARLA K. THORR

When Recorded Return To:
JPMorgan Chase Bank, NA
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

All that certain lot or piece of ground situated in
Mortgage Premise: 6137 MERIDIAN DR TWP. OF MILLCREEK
        ERIE, PA 16509
        ERIE
(Borough or Township, if stated), Commonwealth of Pennsylvania.
Being more particularly described in said Mortgage.

I, _Natasha Price_, hereby certify that the below information and address for the
assignee are correct:
**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 KANSAS LANE,
MC 8000, MONROE, LA 71203 (866)756-8747, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE)**

**By:** _____

_____, **ASST. SECRETARY**

PAGE 2



# RECORDER OF DEEDS DIVISION

ERIE COUNTY COURTHOUSE◆140 W. 6TH STREET, P.O. BOX 1849◆ERIE
PENNSYLVANIA 16507 PHONE: (814) 451-6246 FAX:(814) 451-6213
EMAIL: recorder@eriecountygov.org

2013-002103

PATRICK L. FETZNER
CLERK OF RECORDS

Instrument Number: 2013-002103

Instrument Type:    ASSIGNMENT/MORTGAG

Record Date:    1/28/2013

Record Time:    03:05:17

Receipt No.:    1028402

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| ASSIGNMENT/MORTGAG | 13.00 |
| ASSIGN/MORT- WRIT | .50 |
| J.C.S. / A.T.J | 23.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| Check# 082 | $42.00 |
| Total Received........ | $42.00 |

Recording Page Count:    3

Paid By Remarks: NATIONWIWDE/THORR
CGR

I HEREBY CERTIFY THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

PATRICK L. FETZNER
ERIE COUNTY CLERK OF RECORDS

### Certification Page
# DO NOT DETACH
This page is now part of this legal document.

NOTE: Some information subject to change during the verification process and may not be reflected on this page.

**Prepared By:**
**PEIRSONPATTERSON, LLP**
**4400 ALPHA ROAD**
**DALLAS, TX 75244-4505**
**800-899-9027**

**After Recording Please Return To:**
**PEIRSONPATTERSON, LLP**
**ATTN: RECORDING DEPT.**
**4400 ALPHA ROAD**
**DALLAS, TX 75244-4505**
**800-899-9027**

UPI/PIN/Tax ID: N/A

————————————————*[Space Above This Line For Recording Data]*————————

Loan No.: ████████

# PENNSYLVANIA ASSIGNMENT OF MORTGAGE

For Value Received, JPMorgan Chase Bank, National Association, the undersigned holder of a Mortgage (herein "Assignor") does hereby grant, sell, assign, transfer and convey unto MTGLQ INVESTORS, L.P., (herein "Assignee"), whose address is 6011 CONNECTION DRIVE, 5TH FLOOR, IRVING, TX 75039, a certain Mortgage dated November 6, 2001 and recorded on November 7, 2001, made and executed by JOHN C THORR AND KARLA K THORR, to and in favor of FIRST NATIONAL BANK OF PENNSYLVANIA upon the following described property situated in ERIE County, Commonwealth of Pennsylvania:
Property Address: 6137 MERIDIAN DR, ERIE, PA 16509

**See exhibit "A" attached hereto and made a part hereof.**

such Mortgage having been given to secure payment of **Sixty Four Thousand and 00/100ths ($64,000.00)**, which Mortgage is of record in Book, Volume or Liber No. **823**, at Page **1598** (or as No. **042356**), in the Office of the Recorder of Deeds of **ERIE** County, Commonwealth of Pennsylvania.

TO HAVE AND TO HOLD, the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

Pennsylvania Assignment of Mortgage
JPMorgan Chase Bank N.A. Project ███████         Page 1 of 3





IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on
9/5/2017

Assignor:
**JPMorgan Chase Bank, National Association**

By: _____
Ashley P. Clegg

Its: _____ Vice President

Certificate of Residence:

I/We do hereby certify that the precise address of the within named mortgagee, assignee or person entitled to interest is 6011 CONNECTION DRIVE, 5TH FLOOR, IRVING, TX 75039.

**JPMorgan Chase Bank, National Association as assignee or agent for assignee**

By: _____
Ashley P. Clegg

Its: _____ Vice President

## ACKNOWLEDGMENT

State of Louisiana                                    §
                                                      §
Parish of Ouachita                                    §

On this ___5th___ day of ___September 2017___ before me appeared ___Ashley P. Clegg___, to me personally known, who, being by me duly sworn (or affirmed) did say that he/she is the ___Vice President___, of **JPMorgan Chase Bank, National Association,** and that the seal affixed to said instrument is the corporate seal of said entity and that the instrument was signed and sealed on behalf of the said entity by authority of its board of directors and that ___Ashley P. Clegg___ acknowledged the instrument to be the free act and deed of the said entity.

_____
Signature of Officer

**YOLANDA A. DIAZ**
_____
Printed Name

**NOTARY PUBLIC**
_____
Title of Officer

(Seal)                                My Commission Expires: **LIFETIME**

---

Pennsylvania Assignment of Mortgage
JPMorgan Chase Bank N.A. Project            Page 3 of 3                    22 Rev: 02/14



## EXHIBIT "A"

All that certain piece or parcel of land situate in the Township of Millcreek, County of Erie and Commonwealth of Pennsylvania, and being Lots Nos. Sixty (60) and Sixty-one (61) of "Hilltop-at-Kearsarge" Subdivision of Spires Farm, of part of Reserve Tract No. 347 in Millcreek Township and No. 373 in Summit Township, according to a map of said subdivision recorded in the office of the Recorder of Deeds of Erie County in Map Book 3, page 239. Lot No. Sixty (60) having erected thereon a dwelling commonly known as 6137 Meridian Drive, Erie, Pennsylvania and bearing Erie County Tax Index Number (33) 188-590-9.

Being the same premises conveyed to mortgagors herein by deed dated November 22, 1996 and recorded December 5, 1996 in Erie County Record Book 474, page 1398, which description is hereby incorporated by reference.

# RECORDER OF DEEDS DIVISION



**ERIE COUNTY COURTHOUSE**
140 W. 6TH STREET, ROOM 121, ERIE, PA 16501
PHONE: (814) 451-6246   FAX: (814) 451-6213
EMAIL: recorder@eriecountypa.gov

**KENNETH J. GAMBLE**
Erie County Clerk Of Records

2017-022630

---

Instrument Number: 2017-022630                    Record Date:    10/16/2017

Instrument Type:  ASSIGNMENT/MORTGAG              Record Time:    11:13:07

                                                  Receipt No.:    1179506

---

| Receipt Distribution | |
| --- | --- |
| Fee/Tax Description | Payment Amount |
| ASSIGNMENT/MORTGAG | 13.00 |
| ASSIGN/MORT- WRIT | .50 |
| J.C.S. / A.T.J | 35.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| Check# 3440 | $54.00 |
| Total Received........ | $54.00 |

Recording Page Count:   5

Paid By Remarks: PEIRSONPATTERSON/THORR RJ.

I HEREBY **CERTIFY** THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

**KENNETH J. GAMBLE**
ERIE COUNTY CLERK OF RECORDS

---

### Certification Page
## DO NOT DETACH
This page is now part of this legal document.

---

NOTE:  Some information subject to change during the verification process and may not be reflected on this page.

2017013203

**RETURN TO:**

Meridian Asset Services
Attn: Doc Intake
3201 34th Street South, Suite 310
St. Petersburg, FL 33711

## To the Clerk:

Please Cross Reference to Mortgage for John C Thorr and Karla K Thorr, (husband and wife) as recorded on 11/07/2001, as Instrument/Doc# 042356 at Book/Page, 0823/1598 and Assignment of Mortgage recorded on 02/19/2004 as Instrument/Doc# 005436 at Book/Page, 1108/1982 in the records of Erie County, PA.

## AFFIDAVIT OF ERRONEOUS ASSIGNMENT

BEFORE ME, the undersigned authority, personally appeared **Julione M. Christensen**, who after being duly sworn, deposed and said as follows:

1.

My name is **Julione M. Christensen** and I am the Vice President Loan Documentation of Wells Fargo Bank, NA, successor by merger to Wachovia Mortgage Corporation formerly known as First Union Mortgage Corporation, and as such am a custodian of the records referred to herein and have personal knowledge of same.

2.

I am over the age of eighteen years and I am laboring under no disability that would disqualify me from giving sworn testimony.

3.

The above-referenced Assignment was executed and recorded in error. Said Assignment should have had an assignor of Mortgage Electronic Registration Systems, Inc., as nominee for Wachovia Mortgage Corporation formerly known as First Union Mortgage Corporation.



This __15th__ day of __February_____, 2017.

Wells Fargo Bank, NA, successor by merger to
Wachovia Mortgage Corporation formerly known
as First Union Mortgage Corporation

_Juliane M. Christensen_
Juliane M. Christensen
Vice President Loan Documentation

---

**ALL PURPOSE NOTARY ACKNOWLEDGEMENT**

**STATE OF** Minnesota)
**COUNTY OF** Dakota)
On this __2-15-2017_____ before me, __Jay Kenneth Sandahl_____, personally appeared
Juliane M. Christensen _____ , __Vice President Loan Documentation__ personally known to
me - OR - [ ] proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their signatures on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

JAY KENNETH SANDAHL
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/19

Notary Public: Jay Kenneth Sandahl
My Commission Expires: __01/31/19__

Prepared by and when recorded, return to:
Wells Fargo Home Mortgage
Attn: Assignment Team
MAC N9289-016
PO Box 1629
Minneapolis, MN 55440-9790



# RECORDER OF DEEDS DIVISION

**ERIE COUNTY COURTHOUSE**
140 W. 6TH STREET, ROOM 121, ERIE, PA 16501
PHONE: (814) 451-6246  FAX: (814) 451-6213
EMAIL: recorder@eriecountypa.gov

2017-013203

KENNETH J. GAMBLE
Erie County Clerk Of Records

| | |
|---|---|
| Instrument Number: 2017-013203 | Record Date: 6/26/2017 |
| Instrument Type: AFFIDAVIT | Record Time: 11:28:39 |
| | Receipt No.: 1169436 |

---

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| AFFIDAVIT | 13.00 |
| AFFIDAVIT - WRIT | .50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| Check# 5260 | $18.50 |
| Total Received......... | $18.50 |

Recording Page Count:   3

Paid By Remarks: MERIDIAN/THORR
GA

I HEREBY CERTIFY THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

KENNETH J. GAMBLE
ERIE COUNTY CLERK OF RECORDS

---

### Certification Page
## DO NOT DETACH
This page is now part of this legal document.

---

NOTE:  Some information subject to change during the verification process and may not be reflected on this page.

019232    BK1427 PG1965

2007 JUN 28 A 11:13 8

RECORDER OF DEEDS
ERIE COUNTY, PA.

Prepared by:    PHFA-HEMAP
                211 North Front Street
                PO Box 15530
                Harrisburg, PA 17105-5530
                1-800-342-2397

Return to:      Same as above

Property Parcel Number:    33-188-590-9

## PENNSYLVANIA HOUSING FINANCE AGENCY
## HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM
## OPEN-END MORTGAGE
**(This mortgage secures future advances.)**

**THIS MORTGAGE**, entered into this _28_ day of _JUNE_, _2007_, by and between **John C. Thorr**    (herein Borrower) residing at
**6137 Meridian Drive**        **Erie, PA 16509**
**County of   Erie**           **Millcreek Twp**
                                AND

the **PENNSYLVANIA HOUSING FINANCE AGENCY**, (herein "PHFA" or "AGENCY"), a public corporation and government instrumentality, created by and existing pursuant to the Housing Finance Agency Law (35 P.S. Section 1680.101 et seq., as amended, hereinafter referred to as "Act"), having its principal office at 211 North Front Street, City of Harrisburg, County of Dauphin, Commonwealth of Pennsylvania.
WHEREAS, the Borrower is indebted to PHFA in an amount not to exceed the principal sum of **Nine Thousand Five Hundred Dollars and No Cents    $9,500.00** Dollars and no cents, which indebtedness is evidenced by the Borrower's Note dated this date,    (herein "Note"), providing for the payment of installments of principal and interest, when required pursuant to its terms. This mortgage is given by the Borrower to the PHFA to secure any and all sums loaned by PHFA    on behalf of the Borrower pursuant to the Homeowner's Emergency Mortgage Assistance Program, established by Act 91 of 1983, any subsequent amendments.
The sums secured by this Mortgage are evidenced by a Note between the parties, and include the following:

A. All sums advanced by PHFA to satisfy delinquent mortgage obligations of the Borrower to one or more mortgage lenders holding security on the real property described below.

B. All sums that will be advanced by PHFA in the future on behalf of the Borrower to maintain such mortgage obligations in current status.

C. Any related costs, fees, taxes or other expenses advanced on behalf of the Borrower by PHFA.

D. Any interest owed by the Borrower to PHFA that accrues on the principal sums that have been advanced.

To secure the repayment of such sums, Borrower does hereby mortgage, grant and convey to PHFA the following described real property, located in the County of    Erie    , Commonwealth of Pennsylvania, which real property has the address of    6137 Meridian Drive    Erie, PA 16509 and is described in the attached Appendix "A",    TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil, and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property and herein referred to as the "Property."

## BORROWER AND PHFA COVENANT AND AGREE AS FOLLOWS:

**1. BORROWER'S COVENANT.** Borrower covenants that Borrower is lawfully seized of the Property hereby conveyed and has the right to mortgage, grant and convey the Property to PHFA.

1

# Appendix "A"

**The Address of:** 6137 MERIDIAN DRIVE, ERIE, PA 16509 ERIE COUNTY
**And is described as follows:**

All that certain piece or parcel of land situate in the Township of Millcreek, County of Erie and Commonwealth of Pennsylvania, and being Lots Nos. Sixty (60) and Sixty-one (61) of "HILLTOP-AT-KEARSARGE" Subdivision of the Spires Farm, of part of Reserve Tract No. 347 in Millcreek Township and No. 373 in Summit Township, according to a map of said subdivision recorded in the office of the Recorder of Deeds of Erie County in Map Book 3, page 239. Lot No. Sixty (60) having erected thereon a frame dwelling house and garage known as 6137 Meridian Drive, Erie, Pennsylvania 16509 and bearing Erie County Tax Index No. (33) 188-590-9.

Being the same premises conveyed to John C. Thorr and Patricia R. Thorr, husband and wife, by deed made February 21, 1964 and recorded February 22, 1964 in Erie County Deed Book 891, page 149. The said Patricia R. Thorr died ___April 28, 1983___, as evidenced by proof of death filed in the office of the Register of Wills of Erie County, Pennsylvania, whereupon the entire interest in the above premises was vested John C. Thorr, surviving spouse.

**BEING THE SAME PREMISES THE TITLE TO WHICH BECAME VESTED ON THE MORTGAGORS HEREIN MY DEED OF:**
**GRANTOR: JOHN C. THORR**
**DEED DATE:** 11/22/1996
**RECORDED IN COUNTY OF: ERIE**
**VOLUME:** 474          **PAGE:** 1598



**2. REPAYMENT.** The Borrower agrees to repay all sums of money loaned pursuant to this Agreement in periodic monthly installments as directed by PHFA. Repayment is to be made as required by the terms of Act 91 of 1983 and applicable amendments. The amount to be repaid each month will be determined by the PHFA based upon financial information submitted to it by the Borrower. In the event there is more than one Borrower, the obligation of each shall be joint and several.

**3. INTEREST.** Except when otherwise provided in the Note, interest shall accrue on the sums advanced pursuant to this Mortgage at the rate of nine percent (9%) per annum. Such interest shall only accrue when permitted to do so by Act 91 of 1983, or any amendments thereto.

**4. DEFAULT.** If Borrower fails to make timely payments of principal and interest as required by this Mortgage or its accompanying Note, or if the Borrower violates any other term of this Mortgage or its accompanying Note, which violation is not remedied within a period of thirty (30) days, the PHFA may declare this Mortgage to be in default, and it may accelerate all outstanding indebtedness, by declaring all sums remaining due under this Mortgage to be immediately due and payable in their entirety. In such an event, PHFA may institute an action of mortgage foreclosure against the Borrower, or such other form of civil action as is determined appropriate by PHFA. If it is necessary for PHFA to institute such legal action, Borrower agrees that it will pay all costs and reasonable attorney's fees actually incurred by PHFA.

**5. PRESERVATION AND MAINTENANCE OF PROPERTY.** Borrower shall maintain the Property secured by this Mortgage in good repair and shall not commit waste or permit impairment or deterioration of the Property.

**6. INSPECTION.** PHFA may make or cause to be made reasonable entries upon and inspection of the Property, provided that PHFA shall give Borrower notice prior to any such inspection specifying reasonable cause therefore to PHFA's interest in the Property.

**7. TAXES AND INSURANCE.** The Borrower agrees that all real estate taxes, water and sewage charges, and other charges that are levied against the premises shall be paid in a timely manner, and that the Borrower will not permit any liens of any kind to be placed on the premises by a taxing or other authority. Borrower further agrees that it will maintain adequate liability and hazard insurance to protect the Mortgaged Premises against risk of loss, and that PHFA will be named as an additional mortgagee on any such policy.

In the event that Borrower fails to maintain adequate liability and hazard insurance as required by this paragraph, then PHFA may obtain such coverage, and add its cost to the amount owed to it by the Borrower.

**8. INSURANCE PROCEEDS.** In the event that proceeds of an insurance claim are paid to Borrower, the Borrower hereby agrees that they will immediately satisfy the indebtedness owed PHFA, by either payment in full or PHFA may, at its option, allow said funds to be used for reconstruction of subject premises.

**9. CONDEMNATION.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to PHFA in an amount sufficient to satisfy any outstanding indebtedness owed to PHFA.

**10. PREPAYMENT PERMITTED.** The Borrower may prepay the sums loaned pursuant to this Mortgage in whole or in part at any time without penality.

**11. TRANSFER OF THE PROPERTY; DUE ON SALE.** If all or any part of the Property or an interest therein is sold or transferred by Borrower without PHFA's prior written consent, excluding: (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) the creation of a purchase money security interest for household appliances, (c) transfer by devise, descent or by operation of law upon the death of a joint tenant, or (d) the grant of any leasehold interest of three years, or less in a part of the property, not containing an option to purchase, PHFA may, at PHFA's option, declare all the sums secured by this Mortgage to be immediately due and payable.

**12. REMEDIES CUMULATIVE.** All remedies provided in this Mortgage are distinct and cumulative, to any other right or remedy under this Mortgage, the other loan documents, or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. FORBEARANCE BY PHFA NOT A WAIVER.** Any forbearance by PHFA in exercising any right or remedy hereunder, or otherwise afforded by applicable law shall not be a waiver of or preclude the exercise of any such right or remedy at any appropriate time.

**14. GOVERNING LAW: SEVERABILITY.** This Mortgage shall be governed by the laws of the

2

BK1427 PG1068

Commonwealth of Pennsylvania. In the event that any provision or clause of this Mortgage or Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or Note which can be given effect without the conflicting provision, and to this end the provisions of the Mortgage and Note are declared to be severable.

**15. SUCCESSORS AND ASSIGNS BOUND.** The covenants and agreements herein contained shall bind and the rights hereunder shall inure to, the respective successors, administrators, executors and/or assigns of PHFA and Borrower.

**16. NOTICE.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by mailing such notice by first class or registered or certified mail addressed to Borrower at the Property address or at such other addresses as Borrower may designate by notice to PHFA as provided herein, and (b) any notice to PHFA shall be given by first class or registered or certified mail, return receipt requested, to PHFA's address stated herein or to such other address as PHFA may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or PHFA when given in the manner designated herein.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

**WITNESS:**                                        **BORROWER:**

_____                    _____
                                                             John C. Thorr

COMMONWEALTH OF PENNSYLVANIA          )
                                                             ) SS:
COUNTY OF _ERIE_                                 )

On this the _28_ day of _JUNE 2007_, before me, _William N. Susan_, the undersigned officer, personally appeared _John C. Thorr_, known to me (or satisfactorily proven) to be the person whose name(s) is (are) subscribed to within instrument and acknowledged that ___HIS___ executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
William N. Susan, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires July 13, 2008
Member, Pennsylvania Association Of Notaries

_____
Notary Public

**CERTIFICATE OF RESIDENCE**

I hereby certify that the principal place of business and complete address of the within-named Mortgagee is, and after recordation this Mortgage should be returned to:

**Pennsylvania Housing Finance Agency - Homeowners' Emergency Mortgage Assistance Program**
211 North Front Street, P.O. Box 15530
Harrisburg, Pennsylvania  17105-5530

By: _____
            Closing Agent for Mortgagee

3

# QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.
### ATTORNEYS AT LAW

**Michael S. Jan Janin**
mjanjanin@quinnfirm.com

2222 W. Grandview Blvd.
Erie, PA 16506
814/833-2222 Phone
814/833-6753 Fax
www.quinnfirm.com

April 30, 2018

John Clifton Thorr, Jr.
6137 Meridian Drive
Erie, PA 16509

Dear John:

You have asked us, the Quinn Law Firm, to represent you in connection with a Chapter 13 bankruptcy, and we are pleased to do so.

It is our Firm's practice to confirm in writing (1) the identity of any client whom we undertake to represent, (2) the nature of our undertaking on behalf of that client and (3) our billing and payment arrangements with respect to our legal services. We do this to avoid the possibility of any future misunderstanding about these matters.

We understand that we are being engaged to act as counsel for JOHN CLIFTON THORR, JR. and for no other entity or entities and that we are to file a voluntary Chapter 13 bankruptcy petition on your behalf in the United States Bankruptcy Court for the Western District of Pennsylvania, Erie Division.

Our flat fee for a Chapter 13 Bankruptcy is the Court's approved minimum legal fees of $4,000 plus the court approved costs in the amount of $500 (which includes the $310 filing fee, search fee and other actual out-of-pocket costs) for a total of $4,500. Upon receipt of the completed bankruptcy schedules and a retainer in the amount of $1,500, we will file a voluntary Chapter 13 Bankruptcy Petition on your behalf in the United States Bankruptcy Court for the Western District of Pennsylvania, Erie Division. If the Chapter 13 Plan is confirmed, the balance of the legal fees will be paid by the Chapter 13 Trustee over the life of the Chapter 13 Plan. If the Chapter 13 Plan is not confirmed, you have no further liability whatsoever for the payment of legal fees.

This fee includes representing you over the five (5) year life of the Chapter 13 Plan and includes the filing fee for the preparation and filing of the bankruptcy petition, schedules, and related documents, chapter 13 plan, and motion for a wage attachment, as well as the attendance of counsel at the first meeting of creditors and confirmation hearing.

It is our Firm's policy to require that a retainer be deposited with us to be applied against services and costs incurred. Our retainer in this matter is $1,500. Statements for professional services and related charges, based upon our standard billing practices as described in this letter, will be presented to you and will be payable upon presentation as described above. Your advance

**QUINN LAW FIRM**
A Tradition of Trust

April 30, 2018
Page 2

payment will be applied by us to any outstanding balances that may be due to us at the time our engagement is concluded or our services terminated. To the extent no amounts are then owing, we will refund such advanced payment to you.

We will seek to keep you informed as to the progress of our engagement. As appropriate, we would expect to send you copies of significant papers prepared or received by us. If you have any question(s) about our services or about the status of our engagement, please feel free to contact me at any time.

We would, at this time, like to confirm that you are in agreement with the matters set forth herein. Therefore, we would ask that you sign and date the enclosed copy of this letter in the spaces provided below and return the same to us for our files. If the foregoing is not in accordance with your understanding of our agreement in any respect, please contact me so that we may address your concerns promptly. We look forward to working for you.

Very truly yours,

QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.

By _____
Michael S. Jan Janin

ACCEPTED AND ACKNOWLEDGED:

By _____
John Clifton Thorr, Jr.

DATE: _____

#1128662

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *John Clifton Thorr, Jr.* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *18-10476 TPA* |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

**Part 1:    List All of Your PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims against you?**

    ■ No. Go to Part 2.

    ☐ Yes.

**Part 2:    List All of Your NONPRIORITY Unsecured Claims**

3.  **Do any creditors have nonpriority unsecured claims against you?**

    ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

    ■ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | Total claim |
|---|---|

| 4.1 | **Dennis S. Construction** | Last 4 digits of account number _____ | $1.00 |
|---|---|---|---|

Nonpriority Creditor's Name

**4956 West Street**

**Erie, PA 16509**

When was the debt incurred?    *2015*

Number Street City State Zip Code

**Who incurred the debt? Check one.**

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    *Mechanic's Lien Waiver*

Debtor 1    **John Clifton Thorr, Jr.**                                Case number (if know)    **18-10476 TPA**

---

| 4.2 | **Katherine Thorr** | Last 4 digits of account number | | | | $500.00 |

Nonpriority Creditor's Name

**3950 Hershey Road**
**Erie, PA 16506**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**When was the debt incurred?**    **2014**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify    **Loan**

---

| 4.3 | **National Fuel** | Last 4 digits of account number | | | | $145.22 |

Nonpriority Creditor's Name

**1100 State Street**
**P.O. Box 2081**
**Erie, PA 16512**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**When was the debt incurred?**    **2010**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify    **Utility**

---

| 4.4 | **Northwestern Legal Services** | Last 4 digits of account number | | | | $1.00 |

Nonpriority Creditor's Name

**1001 State Street**
**Suite 700**
**Erie, PA 16501**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify    **Notice Only**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

**5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.**

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

---

Debtor 1    *John Clifton Thorr, Jr.*                                    Case number (if know)    *18-10476 TPA*

**6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

| | | | | | Total Claim |
|---|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ | 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ | 0.00 |

| | | | | | Total Claim |
|---|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ | 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ | 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ | 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 647.22 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | 647.22 |

Fill in this information to identify your case:

| Debtor 1 | *John Clifton Thorr, Jr.* | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA | | |
| Case number | *18-10476 TPA* | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| **2.1** | |
| Name | |
| Number      Street | |
| City                          State          ZIP Code | |
| **2.2** | |
| Name | |
| Number      Street | |
| City                          State          ZIP Code | |
| **2.3** | |
| Name | |
| Number      Street | |
| City                          State          ZIP Code | |
| **2.4** | |
| Name | |
| Number      Street | |
| City                          State          ZIP Code | |
| **2.5** | |
| Name | |
| Number      Street | |
| City                          State          ZIP Code | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | *John Clifton Thorr, Jr.* |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *18-10476 TPA* |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106H
## Schedule H: Your Codebtors

**12/15**

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
☑ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories include* Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☑ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| Name, Number, Street, City, State and ZIP Code | Check all schedules that apply: |

| 3.1 | *Karla K. Thorr* <br> *1563 Cole Drive* <br> *Erie, PA 16505* | ☑ Schedule D, line _*2.3*_ <br> ☐ Schedule E/F, line _____ <br> ☐ Schedule G _____ <br> *Rushmore Loan Management Services* |
|---|---|---|

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *John Clifton Thorr, Jr.* |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (If known) | *18-10476 TPA* |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☐ Employed<br>■ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | | |
| Employer's name | | |
| Employer's address | | |
| How long employed there? | | |

## Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ *0.00* | $ *N/A* |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ *0.00* | +$ *N/A* |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. $ *0.00* | $ *N/A* |

Debtor 1  **John Clifton Thorr, Jr.**                                    Case number (*if known*)  **18-10476 TPA**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Copy line 4 here | 4. | | $ 0.00 | $ N/A |

**5. List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 + | $ N/A |

**6. Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ 0.00    $ N/A

**7. Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $ 0.00    $ N/A

**8. List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm**<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ N/A |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ N/A |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive**<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ N/A |
| 8e. | Social Security | 8e. | $ 0.00 | $ N/A |
| 8f. | **Other government assistance that you regularly receive**<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify:  *Food Stamps* | 8f. | $ 564.00 | $ N/A |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ N/A |
| 8h. | Other monthly income. Specify:  *Debtor's Son-in-Law Contribution (Emanuel Morey)* | 8h.+ | $ 1,300.00 + | $ N/A |

**9. Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ 1,864.00    $ N/A

**10. Calculate monthly income.** Add line 7 + line 9.    10.    $ 1,864.00 + $ N/A = $ 1,864.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

**11. State all other regular contributions to the expenses that you list in *Schedule J*.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify:                                                    11.    +$ 0.00

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12.    $ 1,864.00

**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain:    ***The Debtor's son-in-law and the Debtor's daughter contribute to the monthly expenses and Emanuel Morey will make the Chapter 13 Plan payment until the Debtor obtains employment.***

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | *John Clifton Thorr, Jr.* |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (If known) | *18-10476 TPA* |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ☐ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents names.

   ■ **Yes.** Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| *Grandson* | *5* | ☐ No  ■ Yes |
| *Daughter* | *25* | ☐ No  ■ Yes |
| *Son-in-Law* | *27* | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ *854.80* |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $ *0.00* |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ *0.00* |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ *40.00* |
| 4d. | Homeowner's association or condominium dues | 4d. $ *0.00* |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ *0.00* |

| Debtor 1 | *John Clifton Thorr, Jr.* | Case number (if known) | **18-10476 TPA** |
|---|---|---|---|

**6.  Utilities:**

| | | | |
|---|---|---|---|
| 6a. | Electricity, heat, natural gas | 6a. $ | *180.00* |
| 6b. | Water, sewer, garbage collection | 6b. $ | *105.00* |
| 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | *0.00* |
| 6d. | Other. Specify: | 6d. $ | *0.00* |

**7.  Food and housekeeping supplies** — 7. $ *564.00*

**8.  Childcare and children's education costs** — 8. $ *0.00*

**9.  Clothing, laundry, and dry cleaning** — 9. $ *20.00*

**10.  Personal care products and services** — 10. $ *5.00*

**11.  Medical and dental expenses** — 11. $ *0.00*

**12.  Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments. — 12. $ *5.00*

**13.  Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ *5.00*

**14.  Charitable contributions and religious donations** — 14. $ *0.00*

**15.  Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

| | | | |
|---|---|---|---|
| 15a. | Life insurance | 15a. $ | *0.00* |
| 15b. | Health insurance | 15b. $ | *0.00* |
| 15c. | Vehicle insurance | 15c. $ | *0.00* |
| 15d. | Other insurance. Specify: | 15d. $ | *0.00* |

**16.  Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: — 16. $ *0.00*

**17.  Installment or lease payments:**

| | | | |
|---|---|---|---|
| 17a. | Car payments for Vehicle 1 | 17a. $ | *0.00* |
| 17b. | Car payments for Vehicle 2 | 17b. $ | *0.00* |
| 17c. | Other. Specify: | 17c. $ | *0.00* |
| 17d. | Other. Specify: | 17d. $ | *0.00* |

**18.  Your payments of alimony, maintenance, and support that you did not report as
deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** — 18. $ *0.00*

**19.  Other payments you make to support others who do not live with you.**
Specify: — 19. $ *0.00*

**20.  Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

| | | | |
|---|---|---|---|
| 20a. | Mortgages on other property | 20a. $ | *0.00* |
| 20b. | Real estate taxes | 20b. $ | *0.00* |
| 20c. | Property, homeowner's, or renter's insurance | 20c. $ | *0.00* |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | *0.00* |
| 20e. | Homeowner's association or condominium dues | 20e. $ | *0.00* |

**21.  Other:** Specify: — 21. +$ *0.00*

**22.  Calculate your monthly expenses**

| | | |
|---|---|---|
| 22a. Add lines 4 through 21. | $ | *1,778.80* |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | *1,778.80* |

**23.  Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. | Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | *1,864.00* |
| 23b. | Copy your monthly expenses from line 22c above. | 23b. -$ | *1,778.80* |
| 23c. | Subtract your monthly expenses from your monthly income.
The result is your *monthly net income*. | 23c. $ | *85.20* |

**24.  Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a
modification to the terms of your mortgage?

■ No.
☐ Yes.   Explain here:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *John Clifton Thorr, Jr.* |
| | First Name · Middle Name · Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | *18-10476 TPA* |

☐ Check if this is an
    amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | Sign Below |
|---|---|

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____  Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X  */s/ John Clifton Thorr, Jr.*                  X  _____
   *John Clifton Thorr, Jr.*                          Signature of Debtor 2
   Signature of Debtor 1

   Date  *June  4, 2018*                            Date  _____

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *John Clifton Thorr, Jr.* |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | *18-10476 TPA* |
| (if known) | |

☐ Check if this is an
amended filing

# Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy
**4/16**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    **Give Details About Your Marital Status and Where You Lived Before**

1.   **What is your current marital status?**

☐  Married
■  Not married

2.   **During the last 3 years, have you lived anywhere other than where you live now?**

■  No
☐  Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.   **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■  No
☐  Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2**    **Explain the Sources of Your Income**

4.   **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐  No
■  Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips | *$0.00* | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

| Debtor 1 | *John Clifton Thorr, Jr.* | | Case number *(if known)* | *18-10476 TPA* |

| | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2017 ) | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | *$7,144.00* | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2016 ) | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | *$4,000.00* | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ☐ No
    ■ Yes. Fill in the details.

| | **Debtor 1** | | **Debtor 2** | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | *Food Stamps* | *$2,820.00* | | |
| **For last calendar year:**<br>(January 1 to December 31, 2017 ) | *Food Stamps* | *$6,768.00* | | |
| **For the calendar year before that:**<br>(January 1 to December 31, 2016 ) | *Food Stamps* | *$6,768.00* | | |

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

    ☐ No.  **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

    ☐ No.  Go to line 7.
    ☐ Yes  List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
    * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

    ■ Yes.  **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

    ■ No.  Go to line 7.
    ☐ Yes  List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| **Creditor's Name and Address** | **Dates of payment** | **Total amount paid** | **Amount you still owe** | **Was this payment for ...** |
|---|---|---|---|---|

| Debtor 1 | *John Clifton Thorr, Jr.* | | Case number *(if known)* | *18-10476 TPA* |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**

*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

- ■ No
- ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**

Include payments on debts guaranteed or cosigned by an insider.

- ■ No
- ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**

List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

- ☐ No
- ■ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| *MTGLQ Investors LP vs. John C. Thorr and Karla K. Thorr*<br>*No. 2017-13375* | *Mortgage Foreclosure* | *Court of Common Pleas of Erie County*<br>*Erie County Courthouse*<br>*140 West Sixth Street*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Judgment was entered in the amount of $113,733.94 on February 6, 2018.* |
| *Millcreek Township Water Authority vs. John C. Thorr*<br>*No. 50096-2016* | *Municipal Lien* | *Court of Common Pleas of Erie County*<br>*Erie County Courthouse*<br>*140 West Sixth Street*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Judgment was entered in the amount of $59.25 on March 22, 2016.* |
| *JP Morgan Chase Bank vs. John C. Thorr and Karla K. Thorr*<br>*No. 13220-2013* | *Mortgage Foreclosure* | *Court of Common Pleas of Erie County*<br>*Erie County Courthouse*<br>*140 West Sixth Street*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Judgment was entered on 3/19/2014 in the amount of $75,059.60.* |
| *John C. Thorr vs. Dennis S. Construction*<br>*40178-2013* | *Mechanics Lien Waiver* | *Court of Common Pleas of Erie County*<br>*Erie County Courthouse*<br>*140 West Sixth Street*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Filed on June 21, 2013* |

Debtor 1  **John Clifton Thorr, Jr.**                                Case number *(if known)*  **18-10476 TPA**

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| *John Thorr vs. Karla Thorr*<br>*No. 10377-2007* | *Divoce* | *Court of Common Pleas of*<br>*Erie County*<br>*Erie County Courthouse*<br>*140 West Sixth Street*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Divorce was granted on*<br>*January 16, 2008.* |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☑ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address<br><br>Explain what happened | Describe the Property | Date | Value of the<br>property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was<br>taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

**Part 5:    List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600<br>per person<br><br>Person to Whom You Gave the Gift and<br>Address: | Describe the gifts | Dates you gave<br>the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that  total<br>more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you<br>contributed | Value |
|---|---|---|---|

**Part 6:    List Certain Losses**

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes.  Fill in the details.

| Describe the property you lost and<br>how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending<br>insurance claims on line 33 of *Schedule A/B: Property*. | Date of your<br>loss | Value of property<br>lost |
|---|---|---|---|

| Debtor 1 | **John Clifton Thorr, Jr.** | | Case number *(if known)* | **18-10476 TPA** |
|---|---|---|---|---|

---

**Part 7:**    **List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| *Quinn, Buseck, Leemhuis, Toohey, & Kroto*<br>*2222 West Grandview Boulevard*<br>*Erie, PA 16506* | *As of the date of the filing of the Petition, Counsel for the Debtor has received a total of $1,500.00, which represents $1,000.00 in attorney's fees and a $500.00 expense charge. This expense charge includes the filing fee, a bringdown search fee, and photocopying and postage costs.* | *5/16/2018* | *$1,500.00* |

---

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

---

**Part 8:**    **List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution and Address *(Number, Street, City, State and ZIP Code)* | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

---

Debtor 1    **John Clifton Thorr, Jr.**    Case number *(if known)*    **18-10476 TPA**

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| *Huntington Bank*<br>*2361 Morse Road*<br>*Columbus, OH 43229* | XXXX- | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other__ | *June, 2016* | *$0.00* |

21.  **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

22.  **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

**Part 9:    Identify Property You Hold or Control for Someone Else**

23.  **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ No
☐ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| | | | |

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■  *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■  *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■  *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ No
☐ Yes. Fill in the details.

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1    **John Clifton Thorr, Jr.**                                      Case number (*if known*)    **18-10476 TPA**

---

**25.  Have you notified any governmental unit of any release of hazardous material?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

**26.  Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>**Address** (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

---

| Part 11: | Give Details About Your Business or Connections to Any Business |
|---|---|

**27.  Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

■ No. None of the above applies.  Go to Part 12.

☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

**28.  Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ No
☐ Yes. Fill in the details below.

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

---

| Part 12: | Sign Below |
|---|---|

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ John Clifton Thorr, Jr.**                                      _____
*John Clifton Thorr, Jr.*                                            **Signature of Debtor 2**
**Signature of Debtor 1**

Date    *June 4, 2018*                                              Date    _____

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

**Fill in this information to identify your case:**

Debtor 1 **John Clifton Thorr, Jr.**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Western District of Pennsylvania

Case number   **18-10476 TPA**
(if known)

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

- ■ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

- ☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

- ■ 3. The commitment period is 3 years.

- ☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1:   Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

   ■ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ _____ **0.00** | $ _____ |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ _____ **0.00** | $ _____ |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ _____ **0.00** | $ _____ |

5. **Net income from operating a business, profession, or farm**

| Debtor 1 | | |
|---|---|---|
| Gross receipts (before all deductions) | $ | **0.00** |
| Ordinary and necessary operating expenses | -$ | **0.00** |
| Net monthly income from a business, profession, or farm $ | **0.00** | Copy here -> $ _____ **0.00**    $ _____ |

6. **Net income from rental and other real property**

| Debtor 1 | | |
|---|---|---|
| Gross receipts (before all deductions) | $ | **0.00** |
| Ordinary and necessary operating expenses | -$ | **0.00** |
| Net monthly income from rental or other real property $ | **0.00** | Copy here -> $ _____ **0.00**    $ _____ |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

Debtor 1    **John Clifton Thorr, Jr.** _____    Case number *(if known)*    **18-10476 TPA** _____

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 7.  **Interest, dividends, and royalties** | $ _____ 0.00 | $ _____ |
| 8.  **Unemployment compensation** | $ _____ 0.00 | $ _____ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you ......................................... $ _____ 0.00

For your spouse _____ $ _____

9.  **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.

$ _____ 0.00    $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

| *Food Stamps* _____ | $ _____ 564.00 | $ _____ |
|---|---|---|
| _____ | $ _____ 0.00 | $ _____ |
| Total amounts from separate pages, if any. | + $ _____ 0.00 | $ _____ |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ _____ 564.00  + $ _____ = $ _____ 564.00

**Total average monthly income**

---

| **Part 2:** | Determine How to Measure Your Deductions from Income |
|---|---|

12. **Copy your total average monthly income from line 11.**    $ _____ 564.00

13. **Calculate the marital adjustment.** Check one:

■ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

_____    $ _____

_____    $ _____

_____    + $ _____

Total _____    $ _____ 0.00    Copy here=>    - _____ 0.00

14. **Your current monthly income.** Subtract line 13 from line 12.    $ _____ 564.00

15. **Calculate your current monthly income for the year.** Follow these steps:

15a.  Copy line 14 here=> _____    $ _____ 564.00

Multiply line 15a by 12 (the number of months in a year).    x 12

15b.  The result is your current monthly income for the year for this part of the form. ...........................    $ _____ 6,768.00

---

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    **page 2**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1   **John Clifton Thorr, Jr.** _____   Case number (*if known*)   **18-10476 TPA** _____

---

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.     *PA*

16b. Fill in the number of people in your household.     *1*

16c. Fill in the median family income for your state and size of household.     $   *53,067.00*

    To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. ■   Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ☐   Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| **Part 3:** | **Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)** |
|---|---|

18. Copy your total average monthly income from line 11 .     $   *564.00*

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a.     -$   *0.00*

19b. **Subtract line 19a from line 18.**     $   *564.00*

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b     $   *564.00*

    Multiply by 12 (the number of months in a year).     **x** 12

20b. The result is your current monthly income for the year for this part of the form     $   *6,768.00*

20c. Copy the median family income for your state and size of household from line 16c     $   *53,067.00*

21. **How do the lines compare?**

■   Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years*. Go to Part 4.

☐   Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years*. Go to Part 4.

| **Part 4:** | **Sign Below** |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X**   */s/ John Clifton Thorr, Jr.* _____

    **John Clifton Thorr, Jr.**
    Signature of Debtor 1

Date   *June 4, 2018* _____
    MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

---

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

> **You are an individual filing for bankruptcy,** and

> **Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   |   |   |
|---|---|---|
|   | $1,167 | filing fee |
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Chapter 12: Repayment plan for family farmers or fishermen

|   |   |   |
|---|---|---|
|   | $200 | filing fee |
| + | $75 | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   |   |   |
|---|---|---|
|   | $235 | filing fee |
| + | $75 | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html .

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/15)

## United States Bankruptcy Court
### Western District of Pennsylvania

In re  __John Clifton Thorr, Jr.__           Case No.  __18-10476 TPA__
                         Debtor(s)        Chapter  __13__

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     ■   __FLAT FEE__

         For legal services, I have agreed to accept                      $     __4,000.00__

         Prior to the filing of this statement I have received             $     __1,000.00__

         Balance Due                                         $     __3,000.00__

     ☐   __RETAINER__

         For legal services, I have agreed to accept and received a retainer of             $

         The undersigned shall bill against the retainer at an hourly rate of          $
         [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.  The source of the compensation paid to me was:

     ■ Debtor      ☐ Other (specify):

3.  The source of compensation to be paid to me is:

     ■ Debtor      ☐ Other (specify):

4.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     *As of the date of the filing of the Petition, Counsel for the Debtor has received a total of $1,500.00, which represents $1,000.00 in attorney's fees and a $500.00 expense charge. This expense charge includes the filing fee, a bringdown search fee, and photocopying and postage costs. The Debtor has agreed to a flat fee of $4,000.00 for attorney's fees, (subject to any increases approved by the Court in the "no-look fee") for the preparation and filing of the Bankruptcy Petition, Schedules, and related documents, Chapter 13 Plan, Motion for Wage Attachment, as well as the attendance of counsel at the First Meeting of Creditors and Confirmation Hearing. Additional services, such as the filing of Motions to Avoid Liens, Objections to Claim, Motions and/or Complaints for Sale of Personal and/or Real Property, Adversary Proceedings, including but not limited to fraudulent conveyance actions, preference actions, turnover actions, and the defense of Objections to Discharge, the filing of Amended Chapter 13 Plans, and/or the conversion of the case to a Chapter 7 proceeding will be done on an hourly basis of $275.00 per hour additional charge to the Debtor. Any and all additional fees and costs shall be approved by the Court and paid through the Debtor's Chapter 13 Plan.*

In re    **John Clifton Thorr, Jr.** _____    Case No.    **18-10476 TPA** _____
                                    Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
### (Continuation Sheet)

**CERTIFICATION**

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**June  4, 2018** _____    **/s/ Michael S. JanJanin, Esquire** _____
*Date*    **Michael S. JanJanin, Esquire 38880**
    *Signature of Attorney*
    **Quinn, Buseck, Leemhuis, Toohey, & Kroto, Inc.**
    **2222 West Grandview Boulevard**
    **Erie, PA 16506**
    **(814)833-2222   Fax: (814)833-6753**
    *Name of law firm*

# QUINN, BUSECK, LEEMHUIS, TOOHEY & KROTO, INC.
### ATTORNEYS AT LAW

**Michael S. Jan Janin**
mjanjanin@quinnfirm.com

2222 W. Grandview Blvd.
Erie, PA 16506
814/833-2222 Phone
814/833-6753 Fax
www.quinnfirm.com

April 30, 2018

John Clifton Thorr, Jr.
6137 Meridian Drive
Erie, PA 16509

Dear John:

You have asked us, the Quinn Law Firm, to represent you in connection with a Chapter 13 bankruptcy, and we are pleased to do so.

It is our Firm's practice to confirm in writing (1) the identity of any client whom we undertake to represent, (2) the nature of our undertaking on behalf of that client and (3) our billing and payment arrangements with respect to our legal services. We do this to avoid the possibility of any future misunderstanding about these matters.

We understand that we are being engaged to act as counsel for JOHN CLIFTON THORR, JR. and for no other entity or entities and that we are to file a voluntary Chapter 13 bankruptcy petition on your behalf in the United States Bankruptcy Court for the Western District of Pennsylvania, Erie Division.

Our flat fee for a Chapter 13 Bankruptcy is the Court's approved minimum legal fees of $4,000 plus the court approved costs in the amount of $500 (which includes the $310 filing fee, search fee and other actual out-of-pocket costs) for a total of $4,500. Upon receipt of the completed bankruptcy schedules and a retainer in the amount of $1,500, we will file a voluntary Chapter 13 Bankruptcy Petition on your behalf in the United States Bankruptcy Court for the Western District of Pennsylvania, Erie Division. If the Chapter 13 Plan is confirmed, the balance of the legal fees will be paid by the Chapter 13 Trustee over the life of the Chapter 13 Plan. If the Chapter 13 Plan is not confirmed, you have no further liability whatsoever for the payment of legal fees.

This fee includes representing you over the five (5) year life of the Chapter 13 Plan and includes the filing fee for the preparation and filing of the bankruptcy petition, schedules, and related documents, chapter 13 plan, and motion for a wage attachment, as well as the attendance of counsel at the first meeting of creditors and confirmation hearing.

It is our Firm's policy to require that a retainer be deposited with us to be applied against services and costs incurred. Our retainer in this matter is $1,500. Statements for professional services and related charges, based upon our standard billing practices as described in this letter, will be presented to you and will be payable upon presentation as described above. Your ad

**QUINN LAW FIRM**
A Tradition of Trust

April 30, 2018
Page 2

payment will be applied by us to any outstanding balances that may be due to us at the time our engagement is concluded or our services terminated. To the extent no amounts are then owing, we will refund such advanced payment to you.

We will seek to keep you informed as to the progress of our engagement. As appropriate, we would expect to send you copies of significant papers prepared or received by us. If you have any question(s) about our services or about the status of our engagement, please feel free to contact me at any time.

We would, at this time, like to confirm that you are in agreement with the matters set forth herein. Therefore, we would ask that you sign and date the enclosed copy of this letter in the spaces provided below and return the same to us for our files. If the foregoing is not in accordance with your understanding of our agreement in any respect, please contact me so that we may address your concerns promptly. We look forward to working for you.

Very truly yours,

QUINN, BUSECK, LEEMHUIS, TOOHEY &
KROTO, INC.

By _____
      Michael S. Jan Janin

ACCEPTED AND ACKNOWLEDGED:

By _____
      John Clifton Thorn, Jr.

DATE: _____

#1128662

# United States Bankruptcy Court
## Western District of Pennsylvania

In re   **John Clifton Thorr, Jr.**                                                                          Case No.   **18-10476 TPA**

                                                                Debtor(s)            Chapter   **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:   **June  4, 2018**                                  **/s/ John Clifton Thorr, Jr.**

                                                               **John Clifton Thorr, Jr.**

                                                               Signature of Debtor

Chase Manhattan Mortgage Corp.
780 Kansas Lane
Suite A
Monroe, LA 71203

Dennis S. Construction
4956 West Street
Erie, PA 16509

First National Bank of Pennsylvania
4140 East State Street
Hermitage, PA 16148

JP Morgan Chase Bank
700 Kansas Lane
Monroe, LA 71203

JP Morgan Chase Bank
10790 Rancho Bernardo Road
San Diego, CA 92127

Karla K. Thorr
1563 Cole Drive
Erie, PA 16505

Katherine Thorr
3950 Hershey Road
Erie, PA 16506

Millcreek Township Water Authority
3608 W. 26th Street
Erie, PA 16506

Mortgage Electronic Registration
Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026

MTGLQ Investors LP
c/of Bradley J. Osborne, Esquire
115 West Avenue, Suite 104
Jenkintown, PA 19046

MTGLQ Investors LP
6011 Connecticut Drive
5th Floor
Irving, TX 75039

MTGLQ Investors LP
15480 Laguna Coana Road
Suite 100
Irvine, CA 92618

National Fuel
1100 State Street
P.O. Box 2081
Erie, PA 16512

Northwestern Legal Services
1001 State Street
Suite 700
Erie, PA 16501

Pennsylvania Housing Finance Agency
211 North Front Street
P.O. Box 15530
Harrisburg, PA 17105-5530

Rushmore Loan Management Services
P.O. Box 52708
Irvine, CA 92619

Rushmore Loan Management Services
Customer Service Dept.
P.O. Bx 55004
Irvine, CA 92619-2262